The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, AR 72201
HAND DELIVERED
Dear Governor Clinton:
This official Opinion is written in response to your recent request concerning a possible tax amnesty program for the State of Arkansas.
You specifically asked the following questions:
 1. Does the Commissioner of Revenue for the State of Arkansas have legal authority to administratively implement a tax penalty amnesty program which would relieve taxpayers from liability for civil or criminal penalty, interest or tax, pursuant to the authority granted the Commissioner in the Arkansas Tax Procedure Act (Ark. Stat. Ann. Sect. 84-4701, et seq.) or under other state law?
 2. If the Commissioner has legal authority to relieve taxpayers from liability for civil penalty, interest or tax, is such authority affected by the type of taxpayer involved, e.g. corporation, individual or other entity?
 3. If the Commissioner possesses such authority to relieve taxpayers from liability for civil penalty, interest or tax, is such authority affected by the status of the Commissioner's previous determination of liability? Examples of different stages of determination of liability include the following:
 a) Taxpayer has either litigated the question of liability or waived his rights thereto, the Commissioner has prevailed and a lien has been filed against the taxpayer;
 b) Taxpayer has been audited by the Commissioner and taxpayer contests the assessment of tax, penalty or interest;
 c) Taxpayer has filed a return, but has failed to pay the amount of the tax, penalty or interest due;
 d) Taxpayer has failed to file a return and failed to pay all or part of the tax penalty which would be due if the return were filed and the failure to file or pay is unknown to the Commissioner;
 e) Taxpayer has failed to file a report or return, has failed to pay the amount of tax, penalty or interest due, but the Commissioner has knowledge of the potential liability of the taxpayer.
 4. If the Commissioner possesses such authority to relieve a taxpayer from liability for penalty, interest or tax, can he validly limit such relief to taxpayers who pay tax and interest owed during a specific amnesty period?
In Arkansas, an individual becomes liable for income tax by virtue of a statute. Arkansas Statutes Annotated 2003(a) (Repl. 1980) states that "a tax is hereby imposed upon and with respect to the entire income of every resident, individual, trust or estate which tax shall be levied, collected and paid annually upon such entire net income as herein defined and computed . . ." (Emphasis added.)
In addition, Ark. Stat. Ann. 84-4740 and 84-4741 (Repl. 1980) provide for criminal and civil penalties which attach to any person required under any state tax law to pay over any tax or file any return who willfully fails to do so. Therefore, the imposition of tax and penalties for failure to pay said tax are established by Arkansas statute. The Commissioner of Revenues, Department of Finance and Administration is charged with administration and enforcement of the provisions of every state tax law and the promulgation of rules and regulations in accordance with that law. It is his responsibility to assess and collect any state tax and to properly determine and compute the amount of that tax payable by any taxpayer. Ark. Stat. Ann. 84-4704(a) (Repl. 1980). Accompanying this broad authority to administer state tax laws, the Commissioner of Revenues has the authority to:
 [W]aive or remit the interest or penalty or any portion thereof ordinarily accruing because of a taxpayer's failure to pay a state tax within the statutory period allowed for its payment if the taxpayer's failure to pay the tax is satisfactorily explained to the Commissioner, or if the failure results from a mistake by the taxpayer of either the law or the facts subjecting him to such tax, or if the inability to pay the interest or penalty results from the insolvency or bankruptcy of the taxpayer.
Ark. Stat. Ann. 84-4724(b)(Repl.) 1980).
We assume, by your question, that you envision the Commissioner of Revenues having blanket authority to grant amnesty to all taxpayers who have either not (1) paid their taxes and/or (2) paid penalties and interest which are due and owing the State of Arkansas.
It is my opinion that the Commissioner of Revenues does not have authority to administratively implement such a program in absence of statutory authority since the mandate for payment of taxes, penalties and interest originates in statutes. The exemptions contained in 84-4704 are to be specifically applied on a case-by-case basis according to each taxpayer's individual situation.
Since the answer to your first question is "no", the answers to the remainder of your questions are inapplicable.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.